```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/19/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KYLE JIGGETS,

                Plaintiff,       09 Civ. 7243 (SHS)

    -against-       ORDER

LOCAL 32BJ SEIU, *et al.*,

                Defendants.
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

On August 17, 2009, *pro se* plaintiff Kyle Jiggets filed the instant complaint alleging violation of Title I of the Labor Management Reporting and Disclosure Act (29 U.S.C. §§ 411-15 ("LMRDA")). Pending before the Court are motions by defendants to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Dkt. # 9 and Dkt. # 14]. On February 24, 2010, Magistrate Judge Ronald Ellis issued a Report and Recommendation, recommending that defendants' motions both be granted.

Having received timely objections from plaintiff and responses to those objections from defendant Local 32BJ, the Court reviews the magistrate judge's ruling *de novo* pursuant to Fed. R. Civ. P. 72(b)(3). Applying that standard, the Court adopts the magistrate's report in its entirety.

If a plaintiff in a Title I suit was not a member of the defendant union at the time of the alleged injury, then the court lacks subject matter jurisdiction to hear the suit. *Phelan v. Local 305 of United Ass'n of Journeymen, etc.*, 973 F.2d 1050, 1055-56 (2d Cir. 1992). In addition, once subject matter jurisdiction is challenged, the burden of establishing jurisdiction rests with the party asserting that it exists. *London v. Polishook*, 189 F.3d 196, 199 (2d Cir. 1999). "[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir.

1

N.Y. 1999) (citing *Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 932 (2d Cir. 1998)); *see also Ford v. D.C. 37 Union Local 1549*, No. 07 Civ. 1875, 2008 U.S. Dist. LEXIS 30316, at *5-6 (S.D.N.Y. Apr. 10, 2008), *aff'd*, 579 F.3d 187 (2d Cir. 2009).

Magistrate Judge Ellis found that Jiggets did not become a member of the union until June 16, 2009. (R&R at 7-8.) Because this court finds this factual finding is correct, Jiggetts had no rights under the LMRDA at the time the alleged violations occurred. Although Jiggets may have believed he was a member of Local 32BJ, he has not alleged any facts that indicate he was in fact a member of Local 32BJ at the time of the alleged violations, and the record shows that he did not become a member until June 16, 2009. (Ex. A to Andrew Strom Affidavit dated Oct. 19, 2009.) Since all the allegations in the complaint pre-date his application for membership, the Court has no jurisdiction.

Although Jiggets has made additional factual allegations in his objections to the Magistrate's report and recommendation, this Court presently is ruling on whether the original complaint states a valid cause of action, not whether a hypothetical, different complaint might state a cause of action.

Accordingly, it is hereby ORDERED that:

1. Magistrate Judge Ellis's Report and Recommendation is adopted;

2. Defendants' motions to dismiss the complaint [Dkt. # 9 and Dkt. # 14] are granted and the case is dismissed.

Dated: New York, New York
April 16, 2010

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.