USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-17-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

KYLE JIGGETTS,

                          **Plaintiff,**

        - against -

ALLIED INTERNATIONAL UNION, et al.,

                        **Defendants.**
_____

**REPORT AND
RECOMMENDATION**

**09 Civ. 7243 (SHS) (RLE)**

**To the HONORABLE SIDNEY H. STEIN, U.S.D.J.:**

## I. INTRODUCTION

On August 17, 2009, *pro se* Plaintiff Kyle Jiggetts filed a Complaint against Local 32BJ

SEIU, and Allied International Union alleging violations of Title I of the Labor Management

Reporting and Disclosure Act ("LMRDA"). The undersigned submitted a Report and

Recommendation on February 24, 2010, recommending that the case be dismissed. On April

19, 2010, Judge Stein accepted the Recommendation and ordered the case **DISMISSED**. On

April 9, 2010, Jiggetts filed a motion to amend his Complaint, adding Mayor Michael

Bloomberg, the New York City Office of the Comptroller, and AlliedBarton Security Services.

The motion was received by this Court on April 13, 2010. For the reasons that follow, I

recommend the motion to amend be **DENIED**.

## II. DISCUSSION

### A. Legal Standard

Generally, leave of court to amend pleadings should be freely given "when justice so

requires." FED. R. CIV. P. 15(a); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir.

1995). However, "[r]easons for a proper denial of leave to amend include undue delay, bad faith,

futility of the amendment, and perhaps most important, the resulting prejudice to the opposing

party." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998); *see Cevasco v. National R.R. Passenger Corp.*, No. 04 Civ. 5760 (PAC) (GWG), 2007 WL 4440922, at *3 (S.D.N.Y. Dec. 18, 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A motion to amend may be denied "where the motion is made after an inordinate delay, no satisfactory explanation is made for the delay, and the amendment would prejudice the defendant." *Satcom Intern. Group PLC v. ORBCOMM Intern. Partners, L.P.*, No. 98 Civ. 9095 (DLC), 2000 WL 729110, at *23 (S.D.N.Y. June 6, 2000). "The burden to explain a delay is on the party that seeks leave to amend." *Id.* The Court considers many factors when determining prejudice, including but not limited to, "whether opposing counsel would be required to expend significant additional resources to conduct discovery and prepare for trial and whether the amendment will significantly delay the resolution of the dispute." *See Lacher v. C.I.R.*, 32 Fed. Appx. 600, 603, 2002 WL 480576 at *3.

## B. Jiggetts's Motion is Untimely, Prejudicial, and Futile

Jiggetts moved to amend his complaint after the Report and Recommendation to dismiss his case had been issued. He points to no new facts which he has discovered and gives no reason for his failure to move earlier. Jiggetts did not seek to amend before the motion to dismiss was filed. He did not seek to amend before filing his response to the motion. He did not even seek to amend after the Report and Recommendation was first issued. This delay has prejudiced Defendants in causing them to make multiple responses.

In addition to being untimely, the motion seeks to add parties without adequate explanation, including the Mayor and the Comptroller. While there might be an arguable basis for adding AlliedBarton Security Services, there is no compelling reason to re-open the case to

2

explore this possibility.

## III. CONCLUSION

In conclusion, I recommend that Jiggetts's motion be **DENIED**.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Sidney H. Stein, 500 Pearl Street, Room 1010, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

**Dated: May 14, 2010**
**New York, New York**

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

**Copies of this Report and Recommendation were sent to:**

*Pro Se* Plaintiff
Kyle Jiggetts
1595 Unionport Road, Apt. 9D
Bronx, NY 10462

3

<u>Counsel for Defendants</u>
Andrew Lee Strom
Office of General Counsel SEIU
101 Avenue of Americas
New York, NY 10013
*Counsel for Local 32BJ SEIU*

David A. Mintz
Weissman & Mintz L.L.C.
80 Pine Street, 33rd Floor
New York, NY 10005
*Counsel for Allied International Union*

4